**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1169n.06

Nos. 11-3104/3721

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAWAD DIB EL HASROUNI; LELA JAWAD EL HASROUNI; RAMI JAWAD EL HASROUNI; ELHAM GERGI KHOUEIRY, | ) ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES |
| v. | ) ) | BOARD OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) ) | |

BEFORE:  BOGGS and McKEAGUE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM.  Jawad Dib El Hasrouni, his wife, and two of their children appeal an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of El Hasrouni's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

El Hasrouni and his family are natives and citizens of Lebanon.  El Hasrouni entered the United States as a visitor in September 2000.  In March 2001, he obtained an employment visa, with authorization to remain in the country until December 2003.  In January 2003, El Hasrouni's wife and children entered the United States as the spouse and children of an individual possessing an

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

employment visa.  In June 2004, El Hasrouni filed an application for asylum, withholding of removal, and relief under the CAT, alleging that, if removed to Lebanon, he would be persecuted and tortured by Syrian forces and the Lebanese army because he is a Christian and previously held a position in the Lebanese Forces, a Christian political group and former militia.  El Hasrouni's family sought relief as derivative applicants.

Following a hearing in October 2008, the IJ determined that El Hasrouni established he was subjected to past persecution, but that the government rebutted the presumption that he had a well-founded fear of future persecution by demonstrating a fundamental change in country conditions in Lebanon.  The IJ concluded that El Hasrouni was not entitled to relief and ordered the removal of El Hasrouni, his wife, and son.  The IJ granted a request for voluntary departure made by El Hasrouni's daughter, Lela.  The BIA affirmed the IJ's denial of El Hasrouni's application, but it remanded Lela's proceedings because the IJ failed to properly advise her concerning the terms of her voluntary departure.  El Hasrouni and his family petitioned for review of the BIA's decision, and that appeal was docketed as Case No. 11-3104.  After the IJ issued a new order granting voluntary departure to Lela, she individually petitioned for review of the BIA's decision denying her father's application for relief, and that appeal was docketed as Case No. 11-3721.  The cases were consolidated.

On appeal, El Hasrouni and his family assert the following claims:  (1) the IJ and BIA failed to properly apply a presumption that he had a well-founded fear of future persecution based on his showing of past persecution; and (2) there was not substantial evidence to support either the BIA's finding that country conditions in Lebanon had fundamentally changed or the BIA's determination

that El Hasrouni failed to establish entitlement to relief. Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions de novo and factual findings for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial-evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.*

To establish eligibility for asylum, an applicant must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Bi Xia Qu v. Holder*, 618 F.3d 602, 606 (6th Cir. 2010). An applicant who establishes past persecution is presumed to have a well-founded fear of future persecution, but the government may rebut the presumption by showing, by a preponderance of the evidence, that country conditions have changed so fundamentally that the applicant no longer has a well-founded fear of future persecution. *Id.* "If the government rebuts the presumption, the applicant must demonstrate a well-founded fear of future persecution notwithstanding the changed country conditions." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (internal quotation marks omitted). To qualify for withholding of removal, an applicant must show a clear probability of persecution on account of a protected ground. *Dugboe v. Holder*, 644 F.3d 462, 471-72 (6th Cir. 2011). To obtain relief under the CAT, an applicant must establish that it is more likely than not that he would be tortured if removed to the proposed country of removal. *Id.* at 472.

Despite El Hasrouni's argument to the contrary, the IJ and BIA did not fail to apply the presumption that he had a well-founded fear of future persecution based on his showing of past persecution. Rather, the IJ and BIA gave El Hasrouni the benefit of the presumption, but found that the government had rebutted it by a preponderance of the evidence. Further, both that decision and the decision that El Hasrouni was not entitled to relief were supported by substantial evidence. *See Hachem v. Holder*, 656 F.3d 430, 437 (6th Cir. 2011).

The most recent incident of persecution identified by El Hasrouni occurred in late 2000 while Lebanon was occupied by the Syrian government. While under Syrian control, the Lebanese Forces were banned as an organization and its leader was imprisoned. In 2005, the Syrian army withdrew from Lebanon, however, and the ban on the Lebanese Forces ended and its leader was granted amnesty. The Lebanese Forces reorganized into a political party, and the Lebanese constitution provides that Christians and Muslims will be represented equally in the government. At the time of El Hasrouni's removal hearing, the president of Lebanon was a Christian, and members of the Lebanese Forces held positions in government, including members of parliament and minister of tourism. There was no evidence that Syrian forces, the Lebanese army, or other groups were continuing to persecute Christians or members of the Lebanese Forces. Because the BIA's determination that El Hasrouni was ineligible for asylum was supported by substantial evidence, it follows that substantial evidence also supported the BIA's determination that El Hasrouni could not satisfy the higher standards for withholding of removal and relief under the CAT. *See Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007).

Accordingly, we deny the petitions for review.